IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE SLAYDEN and
NORA SLAYDEN,

          Plaintiffs,

v.

SCHULZ BOAT COMPANY, INC., a
Rhode Island corporation,
and WILLIAM RAMOS,

          Defendants.

3:13-cv-02259-AC

OPINION AND ORDER


TIMOTHY A. LAWSON
CHARLES R. MARKLEY
Greene & Markley, P.C.
151 S.W. Fifth Avenue
Suite 600
Portland, Oregon 97201
(503) 295-2668

          Attorneys for Plaintiffs

1 - OPINION AND ORDER

**SCHULZ BOAT CO., INC.**
One Park Row
Suite 300
Providence, Rhode Island 02930
(401) 253-2441

       Defendant, *Pro Se*

**WILLIAM RAMOS**
33 Sherman Avenue
Bristol, Rhode Island 02809
(401) 253-2441

       Defendant, *Pro Se*

**BROWN, Judge.**

Magistrate Judge John V. Acosta issued Findings and Recommendation (#31) on October 28, 2014, in which he recommends the Court grant in part Defendants' Motion (#12) to Dismiss as to the lack of personal jurisdiction but, nonetheless, transfer this case to the District of Rhode Island. The Magistrate Judge also recommends the Court deny as moot that portion of Defendants' Motion in which they move to dismiss Plaintiffs' fraud claims under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561

2 - OPINION AND ORDER

F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

This Court has carefully considered Plaintiffs' Objections and has reviewed the pertinent portions of the record *de novo*. For the following reasons, the Court adopts only in part the Findings and Recommendation and concludes it has personal jurisdiction over Defendants. In the interest of justice and in the exercise of its discretion, the Court, nonetheless, transfers this case to the District of Rhode Island.

## BACKGROUND

The Court adopts the Magistrate Judge's factual statement with the following addition:

On November 27, 2012, Defendant William Ramos contacted Plaintiff to inquire whether Plaintiff was prepared to finalize the contract with Schultz Boat Company, Inc., to build a boat for summer delivery. Ramos informed Plaintiff that another customer who lived in Chile was also interested in a boat and that Schultz could only build one boat for summer delivery. Ramos informed Plaintiff, however, that Schultz Boat would prefer to build a boat for Plaintiff rather than the customer in Chile because Plaintiff's location in the Pacific Northwest provided a greater opportunity for additional business.

3 - OPINION AND ORDER

**DISCUSSION**

In their First Amended Complaint (#10), Plaintiffs raise claims for breach of contract, negligence, and fraud. Defendants contend this Court lacks personal jurisdiction over them as to all claims. Plaintiffs, in turn, contend this Court has stand-alone personal jurisdiction over Defendants with regard to the breach-of-contract and fraud claims and should exercise pendent personal jurisdiction over Defendants as to Plaintiffs' negligence claim.

**I.   Personal Jurisdiction**

After a review of the record as a whole, this Court agrees with the Magistrate Judge's conclusion that this Court does not have stand-alone personal jurisdiction over Defendants as to Plaintiffs' breach-of-contract claim, and the Court adopts that portion of the Findings and Recommendation. The Court concludes, however, a separate analysis is necessary for Plaintiffs' fraud claim. *See Action Embroidery Corp. v. Atl. Embriodery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)("Personal jurisdiction must exist for each claim asserted against a defendant.").

**A.   Plaintiffs' Fraud Claim**

As the Magistrate Judge noted, the due-process standard for specific personal jurisdiction requires:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of

> conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741-42 (9th Cir. 2013). The plaintiff bears the burden of satisfying the first two prongs of the specific personal-jurisdiction test. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). "[I]f the plaintiff succeeds in satisfying both of the first two prongs, 'the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). See also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

Plaintiffs bring their fraud claim against both Schultz Boat and Ramos. Because the material facts are identical as to both Defendants, the Court analyzes personal jurisdiction over Ramos and Schultz Boat together.

### 1. Purposeful Direction or Availment

"[T]he purposeful direction or availment requirement for specific jurisdiction is analyzed in intentional tort cases under the 'effects' test." *Dole Foods, Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "[T]he 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

5 - OPINION AND ORDER

defendant knows is likely to be suffered in the forum state." *Id.* See also *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011).

### a. Intentional Act

Plaintiffs allege Defendants committed three intentional acts that constitute fraud: (1) Defendants sent Plaintiffs five emails containing material misrepresentations concerning the progress of the construction of the boat; (2) Defendants caused workers to appear busy on the boat during Plaintiffs' June 19, 2013, visit in order to give Plaintiffs the false impression that the boat was actively under construction and to cause Plaintiffs not to inspect the boat closely; and (3) Defendants sent invoices to Plaintiffs that falsely represented the amounts paid by Plaintiffs were being applied to construction of the boat. As a result of these misrepresentations, Plaintiffs allege they made three successive payments of $245,000.00 each from their Oregon bank account to Schultz Boat. The Court concludes these allegations are sufficient to establish for purposes of the instant Motion that Defendants committed "intentional acts" within the meaning of the "effects test."

### b. Expressly Aimed at the Forum State

The "express aiming" requirement of the effects test is satisfied if "'the defendant is alleged to have engaged

in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Dole Foods*, 303 F.3d at 1111 (quoting *Bancroft & Masters, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). Here this element is satisfied because Plaintiffs allege Defendants' fraudulent actions targeted Plaintiffs, who Defendants knew to be residents of Oregon, the forum state. *See Dole Foods*, 303 F.3d at 1111.

### c. Harm Likely to be Discovered in the Forum State

The "harm" element of the "effects test" is satisfied when a defendant's "intentional act has 'foreseeable effects' in the forum." *Brayton Purcell, LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010). Here the harm element is satisfied because it was foreseeable that Defendants' allegedly fraudulent misrepresentations would have foreseeable effects in Oregon; *i.e.*, through Plaintiffs' continued payments from Oregon for construction of the boat.

Accordingly, on this record the Court concludes the "purposeful direction or availment" element of the specific personal-jurisdiction test is satisfied.

### 2. Relationship to Forum-Related Activities

The second prong of the specific personal-jurisdiction test is a "but for" test whereby "'a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus

7 - OPINION AND ORDER

exists between those contacts and the cause of action.'" *W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 742 (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996)). In other words, the plaintiffs "must show that [they] would not have suffered an injury 'but for' [Defendants'] forum-related conduct." *Menken*, 503 F.3d at 1058.

Here Plaintiffs' allegations demonstrate a direct nexus between Defendants' allegedly fraudulent conduct and Plaintiffs' continuation of payments for the construction of the boat in the context of Plaintiffs' fraud claim.

Accordingly, on this record the Court concludes Plaintiffs' fraud claim is sufficiently related to Defendants' forum contacts.

### 3. Reasonableness of the Exercise of Jurisdiction

As noted, because the first two prongs of the specific personal-jurisdiction test are satisfied, Defendants bear the burden to "present a compelling case" that exercising jurisdiction in this case would be unreasonable. *See Burger King*, 471 U.S. at 477. The Court considers seven factors when determining whether the exercise of jurisdiction would be reasonable:

> (1) the extent of the defendant's purposeful interjection into the forum state,
> (2) the burden on the defendant in defending in the forum,

8 - OPINION AND ORDER

> (3) the extent of the conflict with the sovereignty of the defendant's state,
> (4) the forum state's interest in adjudicating the dispute,
> (5) the most efficient judicial resolution of the controversy,
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and
> (7) the existence of an alternative forum.

*W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 745.

Although some of these factors favor Defendants' contention that the exercise of jurisdiction would be unreasonable, the Court nevertheless concludes Defendants' alleged purposeful interjection into Oregon, the forum state, renders reasonable the exercise of this Court's jurisdiction. In particular, Plaintiffs' allegations that Defendants sent invoices and communications with material misrepresentations to Plaintiffs in Oregon and caused Plaintiffs to make three installment payments of $245,000 each from Oregon demonstrate that Defendants' purposeful interjection into Oregon was extensive.

Accordingly, on this record the Court concludes it has personal jurisdiction over Defendants as to Plaintiffs' fraud claim and, therefore, declines to adopt the recommendation in the Findings and Recommendation as to that claim.

### B. Pendent Personal Jurisdiction

"[A] court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises

9 - OPINION AND ORDER

out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp.*, 368 F.3d at 1180. The exercise of pendent personal jurisdiction for purposes of judicial economy, avoidance of piecemeal litigation, and convenience of the parties is within the discretion of the district court. *Id.* at 1181.

As noted, although the Court concludes it has personal jurisdiction over Defendants as to Plaintiffs' fraud claim, the Court agrees with the Magistrate Judge that the Court does not have stand-alone personal jurisdiction as to Plaintiffs' breach-of-contract and negligence claims. Each of Plaintiffs' claims, however, arise from a common nucleus of operative facts, and the principles of judicial economy, avoidance of piecemeal litigation, and convenience to the parties are served by resolving these claims in one action. *See id.*

Accordingly, on this record the Court concludes it has pendent personal jurisdiction over Defendants as to Plaintiffs' breach-of-contract and negligence claims.

In summary, the Court concludes on this record that it has stand-alone personal jurisdiction over Plaintiffs' fraud claim, and, in the exercise of its discretion, the Court concludes it has pendent personal jurisdiction over Plaintiffs' breach-of-contract and negligence claims.

**II.  Venue**

After reviewing the record and Plaintiffs' Objections as a whole, this Court also agrees with the Magistrate Judge's analysis and recommendation to transfer venue to the District of Rhode Island in the interests of justice primarily because of the presence in Rhode Island of the vast majority of potential witnesses, a factor the Court finds weighs heavily in favor of transfer.  See 28 U.S.C. § 1404(a).

Accordingly, because the Court concludes venue is appropriate in the District of Rhode Island, where the remainder of this matter should be adjudicated, this Court declines to address that portion of Defendants' Motion that seeks dismissal of Plaintiffs' fraud claim on the merits.

**CONCLUSION**

The Court **ADOPTS** the portion of Magistrate Judge Acosta's Findings and Recommendation (#31) that addresses stand-alone personal jurisdiction over Defendants as to Plaintiffs' breach-of-contract claim.  Although the Court does not adopt the Findings and Recommendation with respect to the Court's personal jurisdiction over Defendants as to Plaintiffs' fraud claim, concludes it has personal jurisdiction over Defendants as to Plaintiff's fraud claim, and, in the exercise of its discretion, retains pendent personal jurisdiction over Defendants as to

Plaintiffs' breach-of-contract and negligence claims, the Court nevertheless **ADOPTS** the Findings and Recommendation with respect to transfer of venue.

Accordingly, the Court **GRANTS in part** and **DENIES in part**[1] Defendants' Motion (#12) to Dismiss for Lack of Jurisdiction and Motion to Transfer and **TRANSFERS** this matter to the District of Rhode Island.

IT IS SO ORDERED.

DATED this 16th day of January, 2015.

_____
ANNA J. BROWN
United States District Judge

---

[1] As noted, the Court does not decide the merits of Defendants' dismissal challenges to Plaintiffs' fraud claim.

12 - OPINION AND ORDER